Stewart MANAGO, Plaintiff–Appellant,

v.

T. ROSARIO; et al., Defendants–Appellees.

No. 02–15710.

D.C. No. CV–00–00418–LKK.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2004.*

Decided Jan. 20, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**10**

Stewart Manago, pro se, Represa, CA, for Plaintiff–Appellant.

Constance Picciano, Esq., AGCA—Office of the California Attorney General, Sacramento, CA, Allen Robert Crown, Esq., AGCA—Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

## MEMORANDUM**

Stewart Manago, a California state prisoner proceeding *pro se*, appeals the district court's summary judgment and order denying reconsideration of his 42 U.S.C. § 1983 action alleging that prison officials violated his Eighth Amendment right to be free from cruel and unusual punishment. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We review the district court's grant of summary judgment *de novo*, and may affirm on any ground that the record supports. *City of Saint Paul v. Evans*, 344 F.3d 1029, 1033 (9th Cir.2003). We review the denial of a motion for reconsideration for an abuse of discretion. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir.2000). We affirm.

■ Manago contends that the district court erred by not responding to a request by a third party claiming to be *amicus curiae* to see a video tape of the allegedly cruel and unusual punishment. *Amicus* status, however, does not allow *amici* to raise issues or arguments and gives no right of appeal. *United States v. City of Los Angeles*, 288 F.3d 391, 400 (9th Cir. 2002). The purported *amicus curiae* thus had no standing to request discovery on Manago's behalf.

■ Manago also contends that the district court erred in concluding that the

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

defendants did not use excessive force. Under the Eighth Amendment, "only the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment." *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (citations omitted). The evidence in this case, viewed in the light most favorable to Manago, simply does not support a reliable inference of wantonness in the infliction of pain. The district court, therefore, properly ordered summary judgment. *Id.* at 322, 106 S.Ct. 1078.

Finally, regarding the denial of his motion for reconsideration, Manago failed to preserve this issue for appeal. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir.2001).

AFFIRMED.